UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALANCED BODY UNIVERSITY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ZAHOUREK SYSTEMS, INC. and VALERIA ZAHOUREK,<br><br>        Defendants. | No.  CIV. S-13-1606 LKK/EFB<br><br>**ORDER** |

Plaintiff Balanced Body University, LLC ("BBU") sues defendants Zahourek Systems, Inc. ("ZSI") and Valeria Zahourek, an individual, alleging trademark violations.

Defendants move to transfer, stay, or dismiss based on the first-to-file doctrine, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). Zahourek also moves to dismiss the case against her for lack of personal jurisdiction. These motions are currently set for hearing on January 13, 2014.

The court does not find oral argument to be necessary. For the reasons set forth below, the motions will be denied without prejudice to their renewal.

1

Central to defendants' motions is their Request for Judicial Notice ("RJN," ECF No. 21). While this document is captioned as a request for judicial notice in support of defendants' motion to transfer, stay, or dismiss based on the first-to-file doctrine, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a), it is also cited repeatedly in Zahourek's motion to dismiss for lack of personal jurisdiction. Having reviewed the papers in support of both motions, the court has determined that the request for judicial notice is central to defendants' arguments in both motions.

But the request for judicial notice is so badly flawed that any motion premised upon it must be denied.

A fact may be judicially noticed if it is "not subject to reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants begin by requesting that the court take judicial notice of the docket in Zahourek Systems, Inc. v. Balanced Body University, LLC, No. 1:13-cv-01812-RM-CBS (D. Colo.), filed by defendant ZSI on July 10, 2013 ("Colorado Action"). The court will do so, as it "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted). Plaintiff does not oppose this request. (Opposition to Request for Judicial Notice ("Oppo. RJN") 4, ECF No. 26.)

Defendants then request that the court take judicial notice of certain documents filed in the Colorado Action. The court declines to do so, as taking judicial notice of these documents wholesale may lead to unforeseen consequences. Per Wright & Miller:

> Courts could save themselves much grief and embarrassment by insisting that lawyers specify precisely the fact to be noticed. Similarly, lawyers should treat precedents with suspicion when the fact noticed seems loosely stated. For example, courts that do not specify the "fact" being noticed when they take notice of "court records" can end up turning a hearsay statement into "truth" by the alchemy of judicial notice. Astute courts reiterate that while court records may be sources of reasonably indisputable accuracy when they memorialize some judicial action, this does not mean that courts can notice the truth of every hearsay statement filed with the clerk. To do so would make judicial notice a kind of bastard res judicata in which parties end up being bound by facts they never had any opportunity to contest. Courts can avoid this by carefully specifying just what is being noticed; *e.g.*, that the court merely notices that something was said at a hearing for the purpose of inferring its affect [sic] on the persons who heard it, not for its truth.

21B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 5104 (2d. ed. 2013) ("Facts Judicially Noticeable; Indisputability").

Defendants have identified twenty-two facts of which they seek judicial notice. But many of these "facts" are so badly-framed that the court cannot take notice of them. Rather than quote specific allegations or statements from documents filed in

the Colorado Action, defendants repeatedly engage in inappropriate paraphrase. Consider the following:

    1. In the Colorado Action, ZSI claims that: "In selling its models, ZSI does so subject to a 'Product License Agreement.'"

    5. In the Colorado Action, ZSI claims that: "In July 2013, after the parties' negotiations over a possible licensing agreement reached an impasse, ZSI issued a 'Demand for Arbitration.'"

The statements in quotation marks do not appear anywhere in ZSI's Verified Petition to Compel Arbitration ("Initial Petition," RJN Exh. B) or its Verified First Amended Petition to Compel Arbitration ("First Amended Petition," RJN Exh. G), *i.e.*, the documents which defendants cite in support of these statements. The court cannot take judicial notice of statements which paraphrase or summarize allegations, as such statements are arguably inaccurate, and therefore, "subject to reasonable dispute." Fed. R. Evid. 201(b).

    At other points, defendants ask the court to take judicial notice of inferences drawn from allegations in the Colorado Action. For example:

    4. The parties acknowledge that: ZSI's and BBU's negotiations over a possible licensing agreement never yielded an agreement.

The court cannot take judicial notice of this "fact." Defendants' sole citation is to paragraph 25 in the First Amended Petition, which alleges certain communications between the parties. This paragraph does not yield an indisputable inference that (i) the

4

1  parties failed to reach a licensing agreement and (ii) that they
2  both acknowledge this failure.
3      And, in other instances, defendants seek judicial notice of
4  allegations which are potentially subject to dispute, *e.g.*:
5      17. ZSI has its principal place of business in Colorado.
6  The court can take judicial notice of the fact that plaintiff
7  *alleged* this in paragraph 6 of the First Amended Petition, but it
8  cannot take notice that ZSI's principal place of business is in
9  fact in Colorado. "A court can only take judicial notice of the
10 *existence* of those matters of public record (the existence of a
11 motion or of representations having been made therein) but not of
12 the *veracity* of the arguments and disputed facts contained
13 therein." U.S. v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974
14 (E.D. Cal. 2004) (Wanger, J.).
15     If they so choose, defendants may renew their motions, and
16 base them on a properly-framed request for judicial notice (or
17 other adequate evidentiary foundation). But, given how the
18 current request for judicial notice is framed, the court cannot
19 take notice of many of the proffered facts.  As these facts are
20 central to both motions, these motions must be denied.
21     The court therefore orders as follows:
22     [1] Defendants' motion to transfer, stay, or dismiss based
23        on the first-to-file doctrine, or in the alternative, to
24        transfer pursuant to 28 U.S.C. § 1404(a), is DENIED without
25        prejudice.
26
27     [2] Defendant Valeria Zahourek's motion to dismiss for lack
28        of personal jurisdiction is DENIED without prejudice.

5

[3] The hearings on both motions, currently scheduled for January 13, 2014, are VACATED.

[4] Defendants are DIRECTED to file an answer or other responsive pleading within twenty (20) days of docketing of this order.

IT IS SO ORDERED.

DATED: January 6, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT